## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-03370-KLM

HELEN STARR,

      Plaintiff,

v.

WHOLE FOODS MARKET ROCKY MOUNTAIN/SOUTHWEST L.P.,

      Defendant.

---

## PROTECTIVE ORDER

---

      Based on a review of the parties' Amended Stipulated Motion for Protective Order pursuant to FED.R.CIV.P. 26(c), and ~~good cause having been shown for~~ *the parties' request for entry of* a protective order, the Court grants the Motion and finds and orders as follows:

      The parties have stipulated and agreed that certain documents which contain private, proprietary and/or confidential information should be subject to a protective order according to the following terms:

      (1)    All documents disclosed or produced in this case, which contain confidential, private information shall be subject to the terms of this protective order. The term "Confidential Information" shall constitute documents that contain either private medical information or proprietary financial or business information proprietary and trade secret information regarding how Whole Foods market operates. Such documents contain, among other things, Plaintiff's private medical information, Defendant's confidential lease agreements, Defendant's employee

1

timesheets and Defendant's proprietary employee handbook.

(2)     All such documents which contain Confidential Information subject to this protective order shall not be disclosed or used for any purpose other than for the use in this case, as well as any appellate proceedings.

(3)     All documents which contain Confidential Information, along with the information contained within those documents, shall not be disclosed or produced to any individual or entity, in any manner, except for the following:

(a)     attorneys working on the case;

(b)     persons regularly employed or associated with the attorneys actively working on this case whose assistance is required by said attorneys in preparation of the case, preparation for trial, at trial or during the course of appellate or other proceedings in this case, including secretaries, legal assistants, and paralegals;

(c)     the parties to this action;

(d)     expert witnesses and consultants retained by any party in connection with this case to the extent that such production of documents or disclosure of Confidential Information contained in such documents is necessary for preparation of this case, trial, and appeal, and to the extent that the expert witness and/or consultant agrees in writing to all terms contained in the protective order;

(e)     the Court and its employees;

(f)     court reporters engaged to take the depositions of witnesses in this case and/or report the trial; and

(g)     any other persons agreed to by written agreement of the parties.

(4)     In the event that any document which contains Confidential Information is produced in response to a document request under FED.R.CIV.P. 34 or under FED.R.CIV.P. 26(a)(1), the party producing that document shall identify and label each document as "Confidential." In the event that a party has produced documents which it deems as Confidential Information prior to the date of the entry of this Order, the producing party shall have fifteen (15) calendar days from the date that the Order is entered to identify and label any previously produced document as "Confidential."

(5)     A party may object to the designation of particular "Confidential" information by giving written notice to the party designating the disputed information within ten (10) business days of receiving the "confidential" designation. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as "Confidential" to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as "Confidential" under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as "Confidential" and shall not thereafter be treated as "Confidential" in accordance with this

3

Protective Order. In connection with a motion filed under this provision, the party designating the

information as "Confidential" shall bear the burden of establishing that good cause exists for the

disputed information to be treated as "Confidential."

(6)     Depositions will be subject to the provisions of this protective order.

(7)     Documents designated Confidential Information may be used and referred to in

briefs and affidavits.  The party filing a pleading, motion, brief or affidavit containing Confidential

Information shall file that pleading or exhibit under seal.

(8)     Counsel shall inform each person to whom they disclose or give access to

Confidential Information of the terms of this Stipulation as well as the obligation to comply with

those terms, and shall obtain the written confirmation in the form (agreed upon by the parties) of

a "Witness Acknowledgment for Protective Order", of each such person that he or she will abide

by the terms of this Stipulation.

(9)     Upon the termination of this action by judgment, settlement or otherwise, all parties

shall return to counsel for such producing party all Confidential Information received from such

party, including all CD's, copies, prints, summaries and any other reproduction of such information

in the possession of the parties, their counsel, retained experts or consultants, or shall confirm in

writing that they have destroyed all Confidential Information.

(10)     The protective order shall survive the termination of this action and continue in full

force and effect.

(11)     The protective order may be modified by order of the Court at any time upon a

showing of good cause.

(12)     All parties, entities, or individuals identified in paragraph (3) above understand that they may be subject to sanctions imposed by the Court, or to a claim for damages, including the award of attorneys' fees to the prevailing party, if they fail to abide by and comply with all the terms of this Order.

IT IS SO ORDERED

DATED this *1st* day of *July*_____, 2015.

BY THE COURT:

_____
DISTRICT COURT JUDGE

KRISTEN L. MIX
U.S. MAGISTRATE JUDGE
DISTRICT OF COLORADO